Barker, J.
—The original defendants did business as warehousemen, under the firm name of “ Eastman & Son.” One Case, a dealer in grain, stored the same with the defendants, and then issued to him warehouse receipts for each parcel of grain as delivered, which, omitting dates, quantity and kind of grain, were in this form, viz: “Received in store for E. E. Case * * subject to charges.”
Case, at the same time, did business with the plaintiff, and hypothecated such receipts as collateral security for advance^ made to him by the bank for a sum which the bank was willing to advance on each receipt. Case drew his check on the bank, and attached to it the warehouse receipts, and delivered both to the bank, and received in cash the sum for which the check was drawn. The plaintiff held several such receipts, covering an amount of grain, which, at its market value, was much greater than the amount of damages awarded by the referee.
The referee found, in substance, that the grain covered by a portion of the receipts had been sold by Case and delivered by the defendants with the consent of the bank, and it had received the avails of such sales to apply on its advances. For the grain so delivered the plaintiff had no recovery. The referee also found that as to the grain covered by three of the receipts, which are mentioned and described in his report, the defendants refused to deliver the grain to the bank on a proper demand made therefor.
That the amount of money advanced by the bank upon the receipts last named was the sum of §72.69; that the market value of the grain mentioned therein was $62.58, and which was subject to a.charge of $1.99, for storage, which left a balance of $60.59, for which judgment was awarded the plaintiff, with interest thereon.
We cannot disturb the judgment. The referee was called upon to determine the issues of fact on conflicting evidence. All the witnesses were more or less interested in the question in dispute. The plaintiff on presenting to the. referee the warehouse receipts issued by the defendant, and proving that it made advances thereon to Case under an agreement between those parties, aprima facie case for recovery was established. It was quite satisfactorily proven, that the grain in question had been delivered by the dé-' fendant without the consent of the bank, and that it never received any of the avails thereof in any form. If Case had paid to the bank the sum advanced on each receipt, in any form, then the plaintiff would have failed to establish a right of action. This was the view which the learned referee took of the case, as appears by his written opinion ' which accompanied his report.
Upon the question of such alleged payment, the evidence *231 pro and con is in flat contradiction. The plaintiff relied on the evidence of Mr. Lapham, its cashier, to prove the hypothecation and the non-payment of moneys advanced upon the receipts; the defendants relied upon the testimony of Mr. Case to prove that the object of the hypothecation had been fully satisfied.
After considering the evidence, with care, we are unable to say that the conclusion of the referee was against the weight of evidence. The bank did not present the checks which Case had drawn against the receipts upon which the recovery was based. This is a strong circumstance in favor of the defendant’s contention, that the sums advanced thereon had been paid; but it was not conclusive in its character. The fact that Case as well as the defendants allowed the receipts to remain with the bank after the alleged payment of the checks for which the receipts were hypothecated as a security, is a circumstance of a contradictory import.
The appellant’s counsel has not in his brief referred to any of the exceptions taken by him upon the trial, to the reception of some of the evidence; and as we have not discovered any error in the ruling, we conclude that they were not well taken.
Judgment affirmed.
All concur.